[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
The spelling of the last name of the plaintiff as given above conforms to the writ and to the Court Index, so I am using it, but the correct spelling is Muller.
The plaintiffs specialize in floor covering; carpet, tile, linoleum etc. The defendant was the general contractor for the construction of a building for Bristol Health Care, Inc., and it subcontracted the floor covering work to the plaintiffs. Preliminary to placing the contract, a representative of Bristol Health Care furnished the plaintiffs and the defendant with floor plans of the building and a detailed schedule that listed type, color and other details of floor covering to be installed in each room and section of the building. The defendant knew that this data had been furnished to the plaintiffs. Based upon the floor plans and the detailed schedule, the plaintiffs submitted a proposal to do the floor covering work at a price of $99,336. The proposal specified "All carpeting, vinyl composition tile and vinyl base per specifications. Rubber risers and treads on one staircase and treads only on other staircases. . . . Floors must be commercially acceptable. . . . Any alteration or deviation from above specifications involving extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate." In the architect's Project Manual for the building, there is section 09650 et seq. entitled "Resilient Flooring" which lists requirements over and above those included in the floor plans and the detailed schedule furnished to the plaintiffs and upon which they based their proposal. The plaintiffs were never shown the Project Manual prior to submitting their proposal. I accept as proven the plaintiff's contention that such additional requirements are not regarded in the trade as the responsibility of those involved in floor covering. No mention of them is included in the proposal, and no reference is made to the Project Manual. No question has been raised but that the work performed by the plaintiffs does conform to the floor plans and detailed schedule furnished to them. Copies of the Project Manual were kept in locations where the plaintiffs could have referred to them but they were never pointed out to them by the defendant and the plaintiffs were never aware of the contents until after they had completed their work. Prior to that time there was never discussion of additional work. As the defendant was under an obligation to the owner to comply with the Project Manual, it obtained the services of a third party to do the additional work at a cost of $9,900 and it retained that amount from payment to CT Page 5478 the plaintiffs.
I conclude that the plaintiffs did in fact supply all materials and perform all work in accordance with their proposal and therefore are entitled to be paid in full. Judgment may enter for the plaintiffs in the amount of $9,900.
/s/ J. Healey, STR J. HEALEY